UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 24-848 PA (KSx) | Date | August 21, 2024 |
|---|---|---|---|
| Title | Christopher Mastro v. City of Hope, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS—ORDER TO SHOW CAUSE

This Order to Show Cause concerns the one remaining class action complaint originally filed in federal court against the City of Hope National Medical Center ("City of Hope") relating to a data breach that the City of Hope disclosed to its patients on April 2, 2024, that took place between September 19 and October 12, 2023 ("Data Breach"). Eleven of the twelve cases originally filed and transferred this Court as cases related to Graciela Rodriguez v. City of Hope National Medical Center, CV 24-2761 PA (KSx) have been voluntarily dismissed. One of the cases that was originally filed in Los Angeles County Superior Court has been remanded. (Carli Rodriguez v. City of Hope, CV 24-4691 PA (KSx)). There is a Motion to Remand pending in the other case removed from Los Angeles Superior Court. (Danica Haskins v. City of Hope National Medical Center, CV 24-6031 PA (KSx)).

On May 7, 2024, the Court ordered City of Hope to submit to the Court a statement establishing its state of incorporation and principal place of business. The Court additionally ordered City of Hope to submit information concerning the patients or former patients that were notified of the Data Breach, so that the Court could determine the applicability, if any, of the mandatory home state exception to jurisdiction under the Class Action Fairness Act ("CAFA") , 28 U.S.C. § 1332(d)(4)(B). (Docket No. 18.)

City of Hope filed its response to the Court's May 7, 2024 Order on May 15, 2024. (Docket No. 20.) City of Hope confirmed its California citizenship, and also provided the following information:

1. City of Hope identified 815,687 individuals impacted by the data breach;

2. City of Hope provided notice by mail to 689,385 individuals for whom they had last known mailing addresses;

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | SACV 24-848 PA (KSx) | Date | August 21, 2024 |
|---|---|---|---|
| Title | Christopher Mastro v. City of Hope, et al. | | |

    3.    City of Hope provided "substitute notice" to the remaining 126,302 individuals;[1]

    4.    Out of the individuals with mailing addresses, 609,929 or 88.47% had California mailing addresses;

    5.    Out of the notices sent to individuals with mailing addresses, 76,329 notices, or 12.5% were returned;

    6.    67,625 or 82% of the returned notices had been mailed to individuals with California addresses; and

    7.    City of Hope is "in the process" of identifying individuals that are currently deceased but that were provided notice (either by mail or by "substitute notice").

    City of Hope concluded that "[a]fter factoring in returned mail that was sent to California addresses, approximately 66% of the total notified data subjects had a last known mailing address in California." This conclusion, however, relied on the assumption that none of the individuals notified by "substitute notice" had an address in California and that none of those who had California addresses, but had their mail returned, remained in California.

    Based on its conclusion that it appeared that both of the home state exceptions to jurisdiction under CAFA, 28 U.S.C. § 1332(d)(3) and (d)(4) might apply in this case, the Court ordered COH to show cause why the Court should not dismiss these actions under the mandatory abstention provision of 28 U.S.C. § 1332(d)(4), or alternatively, under the discretionary provision of 28 U.S.C. § 1332(d)(3). COH filed its response on June 21, 2024. After reviewing the response, the Court scheduled an in person status conference to discuss the matter on July 11, 2024.

    At the status conference, the Court further addressed the applicability of the home state exceptions to CAFA jurisdiction. (Docket No. 24.) The Court then ordered the parties to file supplemental briefing on the Order to Show Cause, and COH filed its response on July 30, 2024. (Docket No. 25.) COH's Response updated the data provided with further information on the number of deceased class members both in the class members receiving notice via mail and those receiving substitute notice, and the returned mail population as follows:

---

[1]    At a later status conference City of Hope informed the Court that "substitute notice" involved notice by publication on its website.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | SACV 24-848 PA (KSx) | Date | August 21, 2024 |
|---|---|---|---|
| Title | Christopher Mastro v. City of Hope, et al. | | |

1. **Known Population (class members who are alive, with last known mailing addresses, mail not returned):** There are 500,342 total un-deceased members of the class who were sent mail that was not returned. 445,432 had last known addresses in California and 54,910 are non-Californians. Thus, 10.97% are not Californians (54,910/500,342) and 89.03% are Californians. This number is nearly identical to number originally provided by COH before accounting for deceased class members – 609,929 or 88.47% had California mailing addresses, and 542,304 out of 613,056 or 88.46% had California mailing addresses with the notice unreturned. (Docket No. 20-2.) Thus, the percentage of Californians with a last known address barely changed (actually it slightly increased) after filtering out the deceased class members.

2. **Substitute Notice/No Known Address Population:** There are 223,400 in the substitute notice population and another 50,296 who are alive and whose notice was returned, for a total of 273,696. Adding that number to the 500,342 who are alive and got mail notice gives us the total class size of 774,038. Applying the 89.03/10.97 ratio to the 273,696, there are 243,672 class members who are presumably from California and 30,024 who are from outside of California.

3. **Applying Presumption to Total Class:** Adding the presumptive Californians plus the known Californians results in a total of 689,104 Californians (445,432 + 243,672). 689,104/774,038 = 89% Californians. The known and presumptive non-Californians would be 54,910 + 30,204 = 85,114/774,038, or 11/% non-Californians.

The mandatory home state exception to CAFA jurisdiction applies if the class is comprised of least 66.67% Californians. Thus, out of the total class of 774,038, there would need to be at least 516,051 Californians to reach the 66.67% threshold. So, with 445,432 known Californians, of the 273,696 total for whom there is no last known or good address, there would only need to be 70,619 from California. That is only 25.8% of the 273,696, which is significantly below the 89% of the known class member population.

The updated data thus continues to support the Court's conclusion that the mandatory home state exception likely applies. "A district court makes factual findings regarding jurisdiction under a preponderance of the evidence standard. . . [and] . . .a court may make reasonable inferences from facts in evidence" and "consider the entire record." <u>Mondragon v. Capital One Auto Fin.</u>, 736 F.3d 880, 886 (9th Cir. 2013). Accordingly, after considering the record before it, the Court is prepared to make the following reasonable inferences the Court believes are appropriate regarding the citizenship of the class: (1) people predominately seek health care near where they are domiciled; (2) to the extent the class also involves COH

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | SACV 24-848 PA (KSx) | Date | August 21, 2024 |
|---|---|---|---|
| Title | Christopher Mastro v. City of Hope, et al. | | |

employees and volunteers, people are likely to be employed and volunteer near where they are domiciled; (3) there was a relatively low returned mail rate; and (4) COH's out-of-state operations are significantly smaller than those conducted at its facilities in California, and COH's out-of-state expansion occurred relatively recently.

To date, COH has not provided any reason not to apply the 89% ratio to the unknown population. Moreover, because only 25.8% of the unknown population would need to be from California to exceed the two-third threshold for the mandatory home state exception to CAFA jurisdiction, there is a substantial cushion that allows the Court to conclude that more than 66.66% of the class are domiciled in California. Adams v. West Marine Prods., Inc., 958 F.3d 1216, 1222-23 (9th Cir. 2020) (holding plaintiff "readily" met her burden of demonstrating the applicability of the discretionary home state exception to CAFA jurisdiction "given the substantial cushion afforded by the percentage of class members with last known California addresses," even while recognizing that "last known mailing addresses are not a direct proxy for residence, and residence is not a direct proxy for citizenship.") While some of the class members with known California mailing addresses may not be California citizens in this case, it would take a very large number to bring the total below the applicable threshold.

The Court therefore orders the parties to show cause why the assumptions, calculations, and percentages of class members identified in this Order do not trigger the mandatory abstention provisions of CAFA's home state exception under § 1332(d)(3). The parties' response to the Court's order to show cause shall be filed no later than September 6, 2024.

IT IS SO ORDERED.